### NEW JERSEY NAT. BANK & TRUST CO. et al. v. SACHS.

### No. 6322.

Circuit Court of Appeals, Third Circuit.

July 19, 1937.

J. H. Harrison, of Newark, N. J., for appellants.

Henry Gottfried, of Newark, N. J., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

This case arises under the following circumstances: Chandler-Newark Motors, Inc., had ordered nine automobiles to be delivered to it in Newark, N. J. When the cars arrived accompanied by bills of lading with sight drafts attached, the motor company did not have sufficient funds to pay the drafts attached to the bills of lading. Thereupon, one Carton, who was the president of Chandler-Newark Motors, Inc., went to Colonial Discount Company, Inc. (for which the appellee, Sachs, is now the receiver), and procured a check, dated December 28, 1927, in the sum of $12,183.14, payable to the order of the Forest Hill Branch of the Broad and National Bank of Newark, N. J. (the predecessor in right to New Jersey National Bank & Trust Company for which the appellant Rogers is now the receiver). Before delivering the check to Carton, however, the discount company received bills of conditional sale covering the nine cars from the motor company. Attached to the check was a stub, stating the purpose for which the check was given, which was expressly that the sight drafts accompanying the bills of lading for the nine cars consigned to it should be taken up by the motor company. Carton, however, detached the stub from the check and delivered the check to the bank without the instructions of the discount company.

The reason why he did so is apparent. Prior to the issuance of the check upon December 28, 1927, one of the three sight drafts, in the sum of $5,191.87, had been paid by the bank and the bill of lading itself, covering four of the nine automobiles, had been given over to the motor company. The bank had charged the account of the motor company with the sum of $5,191.87. When the discount company's check in the sum of $12,183.14 was received by the bank, the bank proceeded to use $5,191.87 of the sum to reimburse the account of the motor company, but did so without making any inquiry of the discount company in respect to the disposition of the funds represented by the check and without the knowledge or consent of the discount company. The bills of lading covering the four cars referred to immediately above were subsequently surrendered by the motor com-

534

pany for warehouse receipts which passed into the hands of third persons. These warehouse receipts were negotiable and by the law of New Jersey passed title paramount to any other. Thereby the cars passed beyond the reach of the discount company despite the bills of conditional sale which had been duly recorded.

The remaining portion of the fund of $12,183.14 was used by the bank to the end that the other two bills of lading covering the remaining five cars should be delivered to the motor company. This course of conduct was the same as that prescribed by the stub which Carton removed from the check. The discount company therefore bases its claim solely upon the alleged diversion of the fund of $5,191.87, and the parties stipulated, if a judgment was recovered, as to the amount thereof.

We should say that the facts set out above have been stipulated to, and that demands have been made repeatedly by the discount company upon the bank, its successors and its receiver to the end that its claim be paid.

Now, the anomaly presented by this case is that could the bank have followed precisely the instructions contained upon the stub which Carton in fact removed from the discount company's check and had done so, the end result would have been almost certainly an identical loss to the discount company of the sum of $5,191.87. The bank for its part, however, could not have followed the instructions contained upon the stub, had those instructions in fact been given to it, for it had already caused the release of one of the bills of lading by paying the sight draft in the sum of $5,191.87 attached thereto and had charged the motor company's account therewith.

It is the contention of the appellants that there is no causal relationship whatsoever between any action for which the bank was responsible and the loss suffered by the discount company. It is entirely apparent that this contention of the appellants' cannot be supported by the facts. Had the bank followed the instructions which the discount company had put upon the stub, the loss to the discount company would not have occurred. This omission upon the part of the bank was the cause of the loss, and there was a plain legal duty upon the bank, in view of the fact that the check was made payable to its order, to communicate with the discount company for exact instructions concerning the disposition of the fund.

Robbins et al. v. Passaic National Bank & Trust Co., 109 N.J.Law 250, 160 A. 418, 82 A.L.R. 1368; Sims v. United States Trust Company, 103 N.Y. 472, 9 N.E. 605.

As stated by the learned trial judge in his opinion below (16 F.Supp. 537, 539): "The Bank took Carton's instructions at its peril. In fact, the original instructions could not have been executed at the time the Bank accepted the check because there were no longer three sight drafts in the possession of the Bank, one having been taken up theretofore. It very well may be, as contended by defendants, that the Finance Company operated in a manner tending toward a hazard of its interests when it failed to place more secure safeguards about the bills of lading. But that is outside of the question here presented, which I conceive to be simply one dealing with the authority of a bank to dispose of funds deposited with it after its acceptance of those funds. May the Bank under any circumstances accept instructions concerning the disposition of that trust from persons other than the maker of the deposit or his authorized representative? Obviously, the answer must be 'No'."

We quote this apt language with approval.

In view of the foregoing, we need pass upon no other questions presented by this case.

The decision of the court below is affirmed.